**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| IN RE: | CASE NO.:   6:08-bk-10159-ABB |
| LAND RESOURCE, LLC, et al | (Jointly Administered under Chapter 7) |
|     Debtors, _____/ | |
| THE CINCINNATI INSURANCE COMPANY, | |
|     Plaintiff, | |
| v. | |
| LAND RESOURCE GROUP OF NORTH CAROLINA, LLC., et al | Adv. Proc. No. 6:10-ap-102-ABB |
|     Defendants. _____/ | |

**NOTICE OF FILING OF CHAPTER 7 TRUSTEE'S (i) MOTION FOR APPROVAL OF FINAL SETTLEMENT AGREEMENT WITH THE CINCINNATTI INSURANCE COMPANY AND (ii) MEMORANDUM OF POINTS AND <u>AUTHORITIES IN SUPPORT THEREOF</u>**

PLEASE TAKE NOTICE that a settlement has been reached by and between Leigh Richard Meininger, in his capacity as the duly appointed Chapter 7 Trustee (the "Trustee") for Land Resource Group of N.C., LLC, Land Resource Group, Inc., LR Buffalo Creek, LLC, Land Resource, LLC a/k/a Land Resource Companies, LLC and Southern H.O.A. Management, LLC (the "LRC Debtor Entities"), and The Cincinnati Insurance Company ("The Cincinnati"). The Trustee is requesting Court approval of the Settlement Agreement in the *Chapter 7 Trustee's (i) Motion for Approval of Settlement Agreement with The Cincinnati Insurance Company., and (ii) Memorandum of Law in Support Thereof*, filed in the main case, Case No. 6:08-bk-10159-ABB. A true and correct copy of the *Chapter 7 Trustee's (i) Motion for Approval of Settlement Agreement*

-1-

*with The Cincinnati Insurance Company., and (ii) Memorandum of Law in Support Thereof*, and the Settlement Agreement are attached hereto.

        **BROAD AND CASSEL**
        Attorneys for the Chapter 7 Trustee
        390 North Orange Avenue, Suite 1400
        Orlando, Florida  32801
        P.O. Box 4961 (32802-4961)
        Telephone:    (407) 839-4200
        Facsimile:    (407) 650-0927

        By:         */s/ Roy S. Kobert*
            Roy S. Kobert, P.A.
            Florida Bar #: 777153
            rkobert@broadandcassel.com

            Troy Finnegan, Esquire
            Florida Bar #: 713961
            tfinnegan@broadandcassel.com

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing along with the *Chapter 7 Trustee's (i) Motion for Approval of Settlement Agreement with The Cincinnati Insurance Company., and (ii) Memorandum of Law in Support Thereof*, and the Settlement Agreement, copies of which are attached hereto, have been furnished by either CM/ECF noticing or U.S. Mail to Attorney for Debtor: Leigh R. Meininger, Chapter 7 Trustee, Post Office Box 1946, Orlando, FL 32802-1946; Debtors, 5337 Millenia Lakes Boulevard, Suite 121, Orlando, FL 32839; Attorney for Debtors: Jordi Guso, Esquire, Berger Singerman P.A., 200 S. Biscayne Blvd., Suite 1000, Miami, FL 33131-5308; Camille J. Iurillo, Esquire, Iurillo & Associates PA, 600 First Avenue North, Suite 308, St. Petersburg, FL  33701; and the United States Trustee, 135 W. Central Blvd., Ste. 620, Orlando, FL 32801.

        BROAD AND CASSEL
        Attorneys for Trustee
        390 North Orange Avenue
        Suite 1400
        Orlando, Florida  32801
        PO Box 4961 (32802-4961)
        Phone: (407) 839-4200
        Fax: (407) 650-0927

        By:         */s/ Roy S. Kobert*

4852-0178-3303.1
31756/0017

                                    Roy S. Kobert, P.A.
                                    Florida Bar #: 777153
                                    rkobert@broadandcassel.com

4852-0178-3303.1
31756/0017

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

LAND RESOURCE, LLC, *et al*

    Debtors,

_____/

Case No. 6:08-bk-10159-ABB

(Jointly Administered under Chapter 7)

**APPLICABLE DEBTORS:**

| | |
|---|---|
| **LAND RESOURCE, LLC** | **Case No. 6:08-bk-10159-ABB** |
| **LAND RESOURCE GROUP, INC.** | **Case No. 6:08-bk-10160-ABB** |
| **LR BUFFALO CREEK, LLC** | **Case No. 6:08-bk-10162-ABB** |
| **LAND RESOURCE GROUP OF NORTH CAROLINA, LLC** | **Case No. 6:08-bk-10170-ABB** |
| **SOUTHERN HOA MANAGEMENT, LLC** | **Case No. 6:08-bk-10185-ABB** |

_____

**CHAPTER 7 TRUSTEE'S (i) MOTION FOR APPROVAL OF FINAL SETTLEMENT AGREEMENT WITH THE CINCINNATTI INSURANCE COMPANY AND (ii) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

---

**NOTICE AND OPPORTUNITY TO OBJECT AND FOR HEARING**

    Pursuant to Local Rule 2002-4, the Court will consider this Motion without further notice or hearing unless a party in interest files an objection within <u>twenty-one (21) days</u> from the date this paper is entered on the docket. If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at the United States Bankruptcy Court, 135 W. Central Blvd., Suite 950, Orlando, FL 32801, and serve a copy on (i) Leigh R. Meininger, Trustee, P.O. Box 1946, Orlando, FL 32802-1946; his counsel (ii) Roy S. Kobert, P.A., Broad and Cassel, P.O. Box 4961, Orlando, FL 32802-4961, and (iii) Camille J. Iurillo, Esquire, Iurillo & Associates PA, 600 First Avenue North, Suite 308, St. Petersburg, FL 33701

    If you file and serve an objection within the time permitted, this matter will be heard by the Court on **October 18, 2010 at 3:00 p.m.** at the United States Bankruptcy Courthouse, 135 W. Central Blvd., Suite 950, Orlando, FL 32801. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the relief requested in this Motion, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Pursuant to Section 105 of Title 11 and Rules 2002(a)(3), 7041 and 9019(a) of the Federal Rules of Bankruptcy Procedure, Leigh R. Meininger, Chapter 7 Trustee for the jointly administered cases[1] (the "Trustee"), files this Motion for Approval of Final Settlement Agreement with The Cincinnati Insurance Company ("Motion"). The Motion is supported by the incorporated Memorandum of Points and Authorities and the entire record before the Court in this Chapter 7 case and in Adversary Proceeding No. 6:10-ap-000102-ABB. The Trustee reserves the right to submit additional evidence in support of the Motion.

---

[1] In the *Order Granting Trustee's Motion for Order Directing Joint Administration of Related Chapter 7 Cases (*DE# 522; Case No. 6:08-bk-10159-ABB), the Court directed that the following related Chapter 7 cases would be jointly administered:

| | |
|---|---|
| LAND RESOURCE, LLC, | Case No. 6:08-bk-10159-ABB |
| LAND RESOURCE GROUP, INC., | Case No. 6:08-bk-10160-ABB |
| LAIRD POINT BROKERAGE, LLC | Case No. 6:08-bk-10161-ABB |
| LR BUFFALO CREEK, LLC, | Case No. 6:08-bk-10162-ABB |
| LR RIVERSEA, LLC, | Case No. 6:08-bk-10163-ABB |
| BLUE MIST FARMS, LLC, | Case No. 6:08-bk-10164-ABB |
| LAIRD POINT, LLC, | Case No. 6:08-bk-10165-ABB |
| LRC HOLDINGS, LLC, | Case No. 6:08-bk-10166-ABB |
| BRIDGE POINTE AT JEKYLL SOUND, LLC, | Case No. 6:08-bk-10167-ABB |
| LAKEMONT ADVERTISING, LLC, | Case No. 6:08-bk-10168-ABB |
| LRC REALTY, LLC, | Case No. 6:08-bk-10169-ABB |
| CLARKS HILL LAKE, LLC, | Case No. 6:08-bk-10170-ABB |
| LAND RESOURCE GROUP OF NORTH CAROLINA, LLC, | Case No. 6:08-bk-10171-ABB |
| COASTLINE PROPERTIES, LLC, | Case No. 6:08-bk-10172-ABB |
| LAND RESOURCE MEIGS COUNTY, LLC, | Case No. 6:08-bk-10174-ABB |
| ROARING RIVER HOLDING COMPANY, INC., | Case No. 6:08-bk-10175-ABB |
| CUMBERLAND HARBOUR REALTY, LLC, | Case No. 6:08-bk-10176-ABB |
| LAND RESOURCE ORCHARDS, LLC | Case No. 6:08-bk-10177-ABB |
| HICKORY BLUFF MARINA CLUB, INC., | Case No. 6:08-bk-10178-ABB |
| ROARING RIVER, LLC, | Case No. 6:08-bk-10179-ABB |
| LAND RESOURCE SATILLA RIVER, LLC, | Case No. 6:08-bk-10180-ABB |
| HICKORY BLUFF MARINA, LLC, | Case No. 6:08-bk-10181-ABB |
| RUSH CREEK LAND COMPANY, INC., | Case No. 6:08-bk-10182-ABB |
| LAIRD BAYOU BROKERAGE, LLC, | Case No. 6:08-bk-10183-ABB |
| LAND RESOURCE WATTS BAR, LLC, | Case No. 6:08-bk-10184-ABB |
| SOUTHERN HOA MANAGEMENT, LLC, | Case No. 6:08-bk-10185-ABB |
| LAIRD BAYOU, LLC | Case No. 6:08-bk-10186-ABB |
| STILLWATER COVES, LLC, | Case No. 6:08-bk-10187-ABB |
| LANDFIRST MORTGAGE, LLC, | Case No. 6:08-bk-10188-ABB |
| LR BAYTREE LANDING, LLC, | Case No. 6:08-bk-10189-ABB |
| THE RIDGES AT MORGAN CREEK, LLC, | Case No. 6:08-bk-10190-ABB |
| LANDFIRST TITLE, LLC, | Case No. 6:08-bk-10191-ABB |
| VILLAGES AT NORRIS LAKE, LLC, | Case No. 6:08-bk-10192-ABB |
| LRC AVIATION COMPANY, LLC | Case No. 6:08-bk-11675-ABB. |

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. CHAPTER 11 PROCEEDINGS

1. On October 30, 2008, Land Resource, LLC and the other related Debtor entities identified in footnote one filed separate voluntary petitions under Chapter 11. On November 4, 2008, the Court entered a *Corrected Order Directing Joint Administration* (DE# 42; Case No. 6:08-bk-10159-ABB), directing that related cases would be jointly administered under the lead case Land Resource, LLC (Case No. 6:08-bk-10159-ABB).

### B. CHAPTER 7 PROCEEDINGS

2. On March 20, 2009, the Court entered an *Order Converting Cases to Proceedings Under Chapter 7 of the Bankruptcy Code* (DE# 441; Case No. 6:08-bk-10159-ABB), which converted the Debtors' cases to separately administered cases under Chapter 7.[2]

3. On June 30, 2009, the Court entered an additional *Order Converting Case from Chapter 11 to Chapter 7* (DE# 503; Case No. 6:08-bk-10159-ABB), which converted the case of the parent company, Land Resource, LLC (Case No. 6:08-bk-10159-ABB) to Chapter 7.

4. On July 21, 2009, the Court entered an *Order Granting Trustee's Motion for Order Directing Joint Administration of Related Chapter 7 Cases (*DE# 522; Case No. 6:08-bk-10159-ABB), directing that related cases pending in Chapter 7 be jointly administered with Land Resource, LLC (Case No. 6:08-bk-10159-ABB) as the primary case.

---

[2] However, Point Peter, LLLP, Case No. 6:08-bk-10173-ABB, was not converted and remains in Chapter 11. See *Order Converting Cases to Proceedings Under Chapter 7 of the Bankruptcy Code* (DE# 441; Case No. 6:08-bk-10159-ABB) (excluding Point Peter, LLLP).

3

**C.     ADVERSARY COMPLAINT**

5.     On March 22, 2010, The Cincinnati Insurance Company ("The Cincinnati") filed a Complaint for Declaratory Judgment ("Adversary Complaint"), thereby commencing Adversary Proceeding No. 6:10-ap-102-ABB.[3]  In the Adversary Complaint, The Cincinnati alleges as follows:

(a)     The Cincinnati issued to Land Resources Companies, LLC, a certain policy of insurance having Policy No. CPP 087 99 61, which provided certain commercial general liability insurance coverage for the period from January 21, 2006 through January 21, 2009 and named as additional insureds Defendants Land Resource Group, Inc. and Southern HOA Management, LLC, as well as certain individuals.  (Adversary Complaint at 18-19).

(b)     The Cincinnati issued to Defendant LR Buffalo Creek a certain policy of insurance having Policy No. CPP 087 99 62, which provided certain commercial general liability insurance coverage for the period from January 21, 2006 through January 21, 2009.  (Adversary Complaint at 18-19).

(c)     The Cincinnati issued to Defendant Land Resource Group of North Carolina, LLC, a certain policy of insurance having Policy No. CAP 584 44 75, which provided products/completed operations liability insurance coverage for the period from January 21, 2006 through January 21, 2007.  (Adversary Complaint at 27).

---

[3] On March 24, 2010, the Adversary Complaint was amended to add Southern HOA Management, LLC as a Defendant (DE# 3 in Adv. Proc. No. 6:10-ap-102-ABB).

(d) The Cincinnati issued to Land Resource Companies, LLC, a certain policy of insurance having Policy No. CCC 114 72 90, which provided, among other coverages, certain commercial umbrella liability insurance coverage for the period from January 21, 2006 through January 21, 2009 and named as additional insureds the following entities: Land Resource Group of North Carolina, LLC; Land Resource Group, Inc.; Land Resource, LLC a/k/a Land Resource Companies, LLC; LR Buffalo Creek, LLC; and Southern HOA Management, LLC (hereinafter the "Land Resource Entities").[4] (Adversary Complaint at 34). (The policies identified in Paragraphs (5)(a), (5)(b), (5)(c), and (5)(d) are hereinafter referred to as the "Policies").

(e) On September 11, 2008, a complaint was filed in the Superior Court Division of Rutherford County, North Carolina, styled *Herschell Allen, et al v. Land Resource Group of North Carolina et al*, File No. 08 CVS 1283, against the Land Resource Entities and other individuals (hereinafter the "North Carolina Lawsuit"). The complaint in the North Carolina Lawsuit is attached to the Adversary Complaint and contains allegations by a number of plaintiffs arising out of the purchase of real estate in a development in which the Land Resource Entities were involved.

6. On April 7, 2010, the Trustee, in his representative capacity as Chapter 7 Trustee for the Land Resource Bankruptcy Estates (hereinafter the "LRC Debtor

---

[4] On October 30, 2008, the Land Resource Entities filed separate Chapter 11 Petitions in the United States Bankruptcy Court, Middle District of Florida, Orlando Division ("Bankruptcy Court"): Land Resource Group of North Carolina, LLC, Case No. 6:08-bk-10171-ABB; Land Resource Group, Inc., Case No. 6:08-bk-10160-ABB; LR Buffalo Creek, LLC, Case No. 6:08-bk-10162-ABB; and Land Resource, LLC, Case No. 6:08-bk-10159-ABB. The Land Resource Entities are among those related Debtor entities that are being jointly administered under the lead case Land Resource, LLC (Case No. 6:08-cv-10159-ABB).

5

Defendants"), answered the Adversary Complaint, asserting five affirmative defenses and demanding attorneys' fees. *See* Answer and Affirmative Defenses to Amended Complaint for Declaratory Judgment (DE# 12 in Adv. Proc. No. 6:10-ap-102-ABB).

## II.   TERMS OF SETTLEMENT

7.   The parties, in their business judgment, have entered into a Settlement Agreement to resolve their disputes and claims fully so as to avoid the costly and protracted litigation which would otherwise ensue. The Trustee believes this settlement is in best interest of the Estate. Accordingly, the Trustee asks that it be approved according to its terms.

8.   The specifics of the settlement are more fully set forth in the attached Settlement Agreement and are incorporated herein by reference. All parties are encouraged to read the attached Settlement Agreement.

## III.   MEMORANDUM AND POINTS OF AUTHORITIES

### A.   STATUTORY PREDICATE

9.   The Court has jurisdiction to grant the relief requested in this Motion, and it is substantively authorized to do so pursuant to the applicable statutory provisions which include, without limitation, 28 U.S.C. §§ 1334 and 157(b), and 11 U.S.C. §105.

### B.   STANDARDS FOR APPROVAL OF SETTLEMENT AGREEMENTS

10.   Pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure, a bankruptcy court has the authority to approve settlement agreements in a bankruptcy case. The bankruptcy court may approve not only settlements of pending lawsuits, but also settlements of all controversies affecting the estate. See *In re Winn Dixie Stores, Inc.*, 356 B.R. 239, 249 Bankr. M.D. Fla.

6

2006) (approving a proposed settlement in connection with a plan of reorganization). Settlements are favored in bankruptcy proceedings where the benefit to the estate in litigating claims is uncertain. *In re Gallagher,* 283 B.R. 342, 347 (Bankr. M.D. Fla. 2002). Settlements allow the estate to avoid risks and expenses associated with litigation. See *Winn Dixie*, 356 B.R. at 250 ("if this case were to proceed to litigation . . . the protracted litigation could wipe out the estate.").

11.  The Eleventh Circuit has set forth standards for bankruptcy courts to apply in analyzing proposed settlements:

> When a bankruptcy court decides whether to approve or disapprove of a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990), cert. denied, 498 U.S. 959 (1990). In considering these factors, the ultimate question is whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate. See *Winn Dixie*, 356 B.R. at 251 (overruling certain objections to a proposed compromise and concluding that the settlement was in best interest of the debtors' estate); *Gallagher,* 283 B.R. at 346 ("[T]he bankruptcy court must determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.").

## IV.  ARGUMENT

12.  The Trustee entered into the Settlement Agreement in a reasonable and prudent exercise of its business judgment, subject to this Court's approval. As

evidenced by the following facts, the Trustee respectfully submits that the Settlement Agreement is fair and equitable, and in the best interests of the Debtor's estate:

      (a)    Through the Settlement Agreement, the Trustee will settle its dispute with The Cincinnati. Absent the Settlement Agreement, the Trustee would engage in extensive, uncertain and costly litigation with The Cincinnati. The Debtors' estates will benefit by avoiding the administrative expense and delay which would be associated with such significant litigation; and

      (b)    The Trustee asserts that the Settlement Agreement meets the standards for approval of a settlement agreement as described above, and should be approved by the Court; and

## V.  CONCLUSION

Based on all of the foregoing, the Trustee respectfully requests that the Court enter an Order (i) approving the Settlement Agreement in its entirety, and (ii) and for such other relief as this Court deems just and equitable.

BROAD AND CASSEL
Attorneys for Trustee
390 North Orange Avenue
Suite 1400
Orlando, Florida  32801
PO Box 4961 (32802-4961)
Phone: (407) 839-4200
Fax: (407) 650-0927

By:_____/s/ Roy S. Kobert_
   Roy S. Kobert, P.A.
   Florida Bar #: 777153
   rkobert@broadandcassel.com

4850-6710-6823.1
31756/0017

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this ___ day of September, 2010 by either CM/ECF noticing or U.S. Mail to Attorney for Debtor; Leigh R. Meininger, Chapter 7 Trustee, Post Office Box 1946, Orlando, FL 32802-1946; Debtors, 5337 Millenia Lakes Boulevard, Suite 121, Orlando, FL 32839; Attorney for Debtors: Jordi Guso, Esquire, Berger Singerman P.A., 200 S. Biscayne Blvd., Suite 1000, Miami, FL 33131-5308; Camille J. Iurillo, Esquire, Iurillo & Associates PA, 600 First Avenue North, Suite 308, St. Petersburg, FL 33701; the United States Trustee, 135 W. Central Blvd., Ste. 620, Orlando, FL 32801; and via U.S. Mail to all parties listed on the attached All Creditor Matrix.

> BROAD AND CASSEL
> Attorneys for Trustee
> 390 North Orange Avenue
> Suite 1400
> Orlando, Florida 32801
> PO Box 4961 (32802-4961)
> Phone: (407) 839-4200
> Fax: (407) 650-0927
>
> By: _____ */s/ Roy S. Kobert*
>     Roy S. Kobert, P.A.
>     Florida Bar #: 777153
>     rkobert@broadandcassel.com

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Settlement Agreement") is made and entered into this ___ day of September, 2010 by and between The Cincinnati Insurance Company ("The Cincinnati"), on the one hand and Leigh R. Meininger, in his capacity as Chapter 7 Trustee for Land Resource Group of N.C., LLC, Land Resource Group, Inc., LR Buffalo Creek, LLC, Land Resource, LLC a/k/a Land Resource Companies, LLC and Southern H.O.A. Management, LLC (the "LRC Debtor Entities") on the other (with the foregoing referred to collectively as the "Parties"; each, individually, a "Party").

## WITNESSETH:

WHEREAS, the Parties are currently engaged in litigation in a case styled as *The Cincinnati Insurance Company v. Land Resource Group of North Carolina, LLC, et al.*, Adversary Proceeding Number 6:10-ap-00102-ABB, which was filed in the Bankruptcy Case of *In re: Land Resource, LLC,* Bankruptcy Case Number 6:08-bk-10159-ABB, Jointly Administered with Cases 6:08-bk-10159 through 6:08-bk-10192 and pending in the United States Bankruptcy Court, Middle District of Florida, Orlando Division (the "Declaratory Judgment Action");

WHEREAS, the LRC Debtor Entities have asserted certain Affirmative Defenses to the Declaratory Judgment Action and allege that they have incurred attorneys' fees and costs alleged owed by The Cincinnati relative to defending the LRC Debtor Entities from claims by third parties;

WHEREAS, the Parties wish to fully and finally settle all currently pending disputes, actions, claims and causes arising between them;

269143

4836-4189-4151.2
31756/0017
4818-4692-9159.1
31756/0017

CONFIDENTIAL SETTLEMENT AGREEMENT
1 of 6

WHEREAS, the Parties have agreed to execute a stipulation of dismissal **with prejudice** of the Declaratory Judgment Action; and

NOW, THEREFORE, in consideration of the mutual covenants and promises set forth herein, given for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.  Settlement. In consideration of the release of All Claims and other promises made herein, The Cincinnati shall pay to the LRC Debtor Entities, c/o Broad and Cassel in good funds the sum of TWELVE THOUSAND FIVE HUNDRED AND NO/100s DOLLARS ($12,500.00) (the "Settlement Amount"). Payment of the Settlement Amount shall be made no later than fourteen (14) days from the date of execution of this Settlement Agreement by all Parties.

2.  Mutual Release. Effective and conditional upon the receipt by Broad and Cassel of the Settlement Amount set forth in Paragraph 1 above, Leigh R. Meininger, in his capacity as Chapter 7 Trustee for the LRC Debtor Entities, and the LRC Debtor Entities, their successors and assigns, hereby release and forever discharge The Cincinnati from any obligation on the pending claims, and any rights related thereto, which are the subject of the Declaratory Judgment Action, and for any attorneys' fees and defense costs or expenses allegedly incurred by Leigh R. Meininger, in his capacity as Chapter 7 Trustee for the LRC Debtor Entities, and/or the LRC Debtor Entities, in defending the LRC Debtor Entities against the pending claims by third parties. However, nothing herein should be construed to release The Cincinnati from any future claims under the insurance policies issued by The Cincinnati to the LRC Debtor Entities.

2.  Enforcement of Agreement. Nothing contained herein and, specifically, nothing contained in the release in Paragraph 2 and its subparts shall limit or affect in any way the Parties' rights to enforce the terms of this Settlement Agreement by appropriate legal means.

269143

4836-4189-4151.2
31756/0017
4818-4692-9159.1
31756/0017

SETTLEMENT AGREEMENT
2 of 6

3.  <u>Binding Effect</u>. This Settlement Agreement shall be binding upon the Parties and their successors and assigns and shall inure to the benefit of each Party and its successors, assigns, affiliates, agents, officers, directors, partners, employees, legal representatives, and any other person, firm or corporation charged or chargeable with the obligations of the Parties.

4.  <u>No Admission of Liability</u>.  The Parties hereby acknowledge and agree that this Settlement Agreement is made in good faith and is entered into as a compromise settlement of disputed matters that is not in any respect or for any purpose to be deemed or construed as an admission of liability whatsoever on the part of any Party.

5.  <u>Dismissal of Claims</u>.  Upon the execution of this Settlement Agreement by the Parties, and the receipt by Broad and Cassel of the Settlement Amount set forth in Paragraph 1 above, the Parties shall execute a Stipulation of Dismissal **with Prejudice** of the Declaratory Judgment Action.  Bankruptcy counsel for The Cincinnati will file in the Declaratory Judgment Action and serve upon the LRC Debtor Entities the Stipulation of Dismissal **with Prejudice.**

6.  Notices.  For purposes of this Agreement, notice shall be sent:

The Cincinnati Insurance Company

Mary Palma, Esquire
Nall & Miller, LLP
235 Peachtree St. NE, Suite 1500
Atlanta, GA 30303-1401

With a copy to:

Camille J. Iurillo, Esquire
Iurillo & Associates, P.A.
600 First Avenue North
Suite 308
St. Petersburg, FL 33701

To the LRC Debtor Entities

Todd K. Norman

269143    SETTLEMENT AGREEMENT
3 of 6
4836-4189-4151.2
31756/0017
4818-4692-9159.1
31756/0017

Bernard H. Gentry
Nicolette Corso Vilmos
Broad and Cassel
390 N. Orange Avenue, Suite 1400
Orlando, FL 32801

7. <u>Modification</u>. This Settlement Agreement cannot be modified except in a writing signed by all Parties.

8. <u>Choice of Law</u>. This Settlement Agreement shall be governed by the laws of the State of Florida.

9. <u>Construction of Agreement</u>. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party. The Parties agree that this Settlement Agreement was jointly negotiated and drafted by the Parties and shall not be construed by a court of law against any of the Parties as the drafter thereof.

10. <u>Representations and Warranties</u>. The Parties represent and warrant that this Settlement Agreement is entered into in good faith by the Parties and by their duly authorized representatives on the date indicated above, with the full understanding of the contents of this Settlement Agreement, and after having had ample time to review and study this Settlement Agreement and consult with counsel, even if a Party did not take advantage of the opportunity so given.

11. <u>Counterparts; Facsimile Signature</u>. This Settlement Agreement may be executed in one or more counterparts, each of which, taken together, shall constitute one complete Settlement Agreement. The undersigned further agree that this Settlement Agreement may be transmitted between them by facsimile or by e-mail with attached .PDF files, and the parties further intend that faxed or e-mailed signatures constitute original signatures and that a faxed or

269143                              SETTLEMENT AGREEMENT
                                           4 of 6
4836-4189-4151.2
31756/0017
4818-4692-9159.1
31756/0017

e-mailed Settlement Agreement (whether one or more counterparts) containing the originals (original, faxed or e-mailed) of all the Parties is binding on the Parties.

12. <u>No Waiver</u>.  The failure of any Party to seek redress for violation of or to insist upon the strict performance of any covenant or condition of this Settlement Agreement shall not prevent a subsequent act, which would have originally constituted a violation, from having the effect of an original violation.

13. <u>Survivability</u>.  The death or incapacity of any Party shall not impact the enforceability of this Settlement Agreement as to the remaining Parties, and each and all of the covenants, terms, provisions, and promises contained in this Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, legal representatives, successors, and assigns.

14. <u>Severability</u>.  If any provision of the Settlement Agreement or its application to any person or circumstance shall be invalid, illegal, or unenforceable to any extent, the remainder of this Settlement Agreement and its application shall not be affected and shall be enforceable to the fullest extent permitted by law.

15. <u>Headings</u>.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect its meaning or interpretation.

269143　　　　　　　　　　　　　　　SETTLEMENT AGREEMENT
5 of 6

4836-4189-4151.2
31756/0017
4818-4692-9159.1
31756/0017

16. <u>Costs</u>. Each of the Parties shall bear its own costs and attorneys' fees incurred in connection with the Declaratory Judgment Action.

IN WITNESS WHEREOF, Leigh R. Meininger, in his capacity as Chapter 7 Trustee for the LRC Debtor Entities, has caused this Settlement Agreement to be executed as shown and dated below.

**<u>LRC DEBTOR ENTITIES</u>**

*/s/ Roy S. Kobert*
Roy S. Kobert, attorney for
Leigh Richard Meininger, in his capacity
as the duly appointed Chapter 7 Trustee
for Land Resource Group of N.C., LLC,
Land Resource Group, Inc., LR Buffalo
Creek, LLC, Land Resource, LLC a/k/a
Land Resource Companies, LLC and Southern
H.O.A. Management, LLC

269143                                    SETTLEMENT AGREEMENT
                                                  6 of 6
4836-4189-4151.2
31756/0017
4818-4692-9159.1
31756/0017

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-6<br>Case 6:10-ap-00102-ABB<br>Middle District of Florida<br>Orlando<br>Thu Sep 23 16:25:33 EDT 2010 | Sabrina C Beavens<br>Iurillo & Associates, P.A.<br>Sterling Square<br>600 First Avenue North, Suite 308<br>St. Petersburg, FL 33701-3609 | Susan P. Carlsson |
| Camille J Iurillo<br>Iurillo & Associates PA<br>600 First Avenue North<br>Suite 308<br>St. Petersburg, FL 33701-3609 | LR Buffalo Creek, LLC<br>5323  Millenia Lakes Boulevard<br>Suite 300<br>Orlando, FL 32839-3395 | Land Resource Group, Inc.<br>5323 Millenia Lakes Boulevard<br>Suite 300<br>Orlando, FL 32839-3395 |
| Land Resource, LLC<br>5337 Millenia Lakes Boulevard<br>Suite 121<br>Orlando, FL 32839-6302 | Vincent B Lynch<br>Robbins Equitas<br>2639 Dr MLK J. Street North<br>Saint Petersburg, FL 33704 | Leigh R. Meininger<br>Orlando<br>Broad and Cassel<br>P.O. Box 4961<br>390 N. Orange Ave., Ste 1100<br>Orlando, FL 32801-1606 |
| Carl D Motes<br>Arnold Matheny & Eagan PA<br>605 East Robinson Street<br>Suite 730<br>Orlando, FL 32801-2007 | Todd K Norman<br>Stump Callahan Dietrich & Spears PA<br>Post Office Box 3388<br>Orlando, FL 32802-3388 | Southern HOA Management, LLC<br>5323 Millenia Lakes Boulevard<br>Suite 300<br>Orlando, FL 32839-3395 |
| Nicolette Corso Vilmos<br>Broad and Cassel<br>390 North Orange Avenue<br>Suite 1400<br>Orlando, FL 32801-1640 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Elizabeth Allen | (u)Herschel Allen | (u)Paul Beidel |
| (u)Stephen Peter Bloom | (u)Arthur B. Briskman<br>Orlando | (u)Sven Ronny Carlsson |
| (u)Clark Champion | (u)Josephine Cox | (u)Wayne Cox |
| (u)Glenn A. Day | (u)Michael Flaskey | (u)Marie Fox |

| | | |
|---|---|---|
| (u)Shannon Glover | (u)Calvin C. Henderson | (u)Elaine W. Henderson |
| (u)John J. Kasianowicz | (u)Rachel H. Kasianowicz | (u)Katherine Kostoff-Day |
| (u)Brian J. Krebs | (u)Land Resource Group of North Carolina, LLC | (u)Jeanette Manner-Jones |
| (u)Tammy Mikesell | (u)Charlene Miller | (u)Mitch Ben Miller |
| (u)Patrick Moore | (u)Kathryn M. Rubert | (u)Marcos I. Rubert |
| (u)Dawna L. Swartz | (u)Glenn M. Swartz Jr. | (u)The Cincinnati Insurance Company |
| (u)Robert Vacko | (u)J. Robert Ward | (u)David Lee Wood |

End of Label Matrix
Mailable recipients    12
Bypassed recipients    33
Total                  45